# UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| DAVID SABINO QUAIR III,<br><br>　　　　Petitioner,<br><br>　v.<br><br>MATT DARBY,<br><br>　　　　Respondent. | Case No. 1:22-cv-01142-JLT-EPG-HC<br><br>FINDINGS AND RECOMMENDATION TO DISMISS PETITION FOR WRIT OF HABEAS CORPUS WITHOUT PREJUDICE |

　　　　Petitioner David Sabino Quair III is a state prisoner proceeding *pro se* with a petition for writ of habeas corpus pursuant to 28 U.S.C. § 2254. As the instant petition is unexhausted, the undersigned recommends dismissal of the petition without prejudice.

## I.

## BACKGROUND

　　　　On August 22, 2022, Petitioner filed the instant petition for writ of habeas corpus in the Sacramento Division. (ECF No. 1.) Although the allegations are unclear, it appears Petitioner challenges his 2021 Kings County Superior Court disturbing the peace conviction, for which he was sentenced to a 133-day imprisonment term, on the grounds that: (1) false warrants, holds, and detainers were initiated by San Quentin State Prison employees to entrap Petitioner; (2) Petitioner's sentence was improper; and (3) Petitioner was convicted without victim testimony or evidence. (Id. at 5–10.)[1] On September 8, 2022, the petition was transferred to the Fresno

---

[1] Page numbers refer to the ECF page numbers stamped at the top of the page.

1  Division. (ECF No. 6.) On September 9, 2022, the Court ordered Petitioner to show cause why
2  the petition should not be dismissed as unexhausted. (ECF No. 9.)

3        On October 14, 2022, the Court received a copy of the order to show cause along with
4  various documents attached by Petitioner.[2] (ECF No. 13.) That same day, the Court also received
5  a motion for extension of time to show cause wherein Petitioner alleged that he has been denied
6  access to courts, subjected to cruel and unusual retaliation (including verbal harassment and
7  threats of violence), and denied proper prescriptions and medication. Petitioner also alleged that
8  his legal mail has been obstructed and that on August 20, 2022, he submitted legal material to be
9  copied, but the material was returned on October 1, 2022, and his request for copies went
10 unanswered. (ECF No. 14.) On October 20, 2022, the Court granted a thirty-day extension of
11 time and informed Petitioner that a civil rights action pursuant to 42 U.S.C. § 1983 is the proper
12 method for a prisoner to challenge his conditions of confinement. (ECF No. 15.)

13       On October 31, 2022, Petitioner filed copies of various documents.[3] (ECF Nos. 16, 17.)
14 On November 7, 2022, Petitioner filed a motion "to grant petition and impede and stop
15 California Department of Corrections and Rehabilitation from all retaliation efforts[.]" (ECF No.
16 18 at 1.) On December 19, 2022, Petitioner submitted "supporting evidence."[4] (ECF No. 19 at 1.)

17 **II.**
18 **DISCUSSION**

19    The Rules Governing Section 2254 Cases ("Habeas Rules") require preliminary review
20 of a habeas petition and allow a district court to dismiss a petition before the respondent is
21 ordered to file a response, if it "plainly appears from the petition and any attached exhibits that

---

[2] These documents include a notice and demand for trial in a Kings County case, a first amended information and minute orders from Kings County Superior Court case 21CM-0254, records request and response from Kings County Superior Court, a complaint submitted by Petitioner about a superior court judge.

[3] These documents include a notice of electronic filing of this Court's October 20, 2022 order granting an extension of time, a CDCR grievance filed in the California Institution for Men regarding duplication services, request for copying legal documents, law library request form, complaint about peace officers/law enforcement agency, citizen's complaints against employees of CDCR, grievance receipts, State Bar of California attorney complaint form, reading test results, CDCR health care grievance, an institutional level response to a health care grievance, Medical Board of California consumer complaint form, and a CDCR health care services request form.

[4] These documents include a CDCR Legal Status Summary form, an October 3, 2022 letter form the Kings County Superior Court informing Petitioner that he does not have an active warrant in case 21CS-0005A, an April 29, 2022 Kings County Superior Court minute order in case 21CS-0005A, and a notice and demand for trial in a Kings County case.

the petitioner is not entitled to relief in the district court." Rule 4, Rules Governing Section 2254 Cases in the United States District Courts, 28 U.S.C. foll. § 2254.

A petitioner in state custody who is proceeding with a petition for writ of habeas corpus must exhaust state judicial remedies. 28 U.S.C. § 2254(b)(1). The exhaustion doctrine is based on comity to the state court and gives the state court the initial opportunity to correct the state's alleged constitutional deprivations. Coleman v. Thompson, 501 U.S. 722, 731 (1991); Rose v. Lundy, 455 U.S. 509, 518 (1982). A petitioner can satisfy the exhaustion requirement by providing the highest state court with a full and fair opportunity to consider each claim before presenting it to the federal court. O'Sullivan v. Boerckel, 526 U.S. 838, 845 (1999); Duncan v. Henry, 513 U.S. 364, 365 (1995); Picard v. Connor, 404 U.S. 270, 276 (1971).

Here, Petitioner has checked off boxes indicating that Grounds One, Two, and Three were not raised on direct appeal or in a post-conviction motion or petition for habeas corpus. (ECF No. 1 at 6, 7, 9.) Petitioner did not check off any boxes with respect to Ground Four and whether it was raised on direct appeal or in a post-conviction motion or petition for habeas corpus. (Id. at 10.) Petitioner checked off both "Yes" and "No" in response to the question "Have all grounds for relief that you have raised in this petition been presented to the highest state court having jurisdiction?" (Id. at 12.) In explanation for his "No" answer, Petitioner states: "Exculpatory evidence is being witheld [sic]. Without supporting documentation all allegations are interpreted as heresay [sic], while negotiated disposition is libel." (Id.)

In his numerous submissions to the Court, Petitioner has not informed the Court whether his claims have been presented to the California Supreme Court or provided any copies of petitions filed in the California Supreme Court. As it appears Petitioner has not sought relief in the California Supreme Court for the claims that he raises in the instant petition, the Court cannot proceed to the merits of those claims.[5] 28 U.S.C. § 2254(b)(1).

---

[5] Petitioner has not established that he falls within one of the statutory exceptions to the exhaustion requirement or that his failure to exhaust available state remedies should be excused. See 28 U.S.C. § 2254(b)(1)(B) (A petitioner is excused from the exhaustion requirement if "(i) there is an absence of available State corrective process; or (ii) circumstances exist that render such process ineffective to protect the rights of the applicant."); Duckworth v. Serrano, 454 U.S. 1, 3 (1981) ("An exception [to the exhaustion requirement] is made only if there is no opportunity to obtain redress in state court or if the corrective process is so clearly deficient as to render futile any effort to obtain relief."); Hendricks v. Zenon, 993 F.2d 664, 672 (9th Cir. 1993) (Courts "have the discretion to dispense with

## III.

## RECOMMENDATION

Accordingly, the undersigned HEREBY RECOMMENDS that the petition for writ of habeas corpus be DISMISSED WITHOUT PREJUDICE for failure to exhaust state court remedies.

This Findings and Recommendation is submitted to the assigned United States District Court Judge, pursuant to the provisions of 28 U.S.C. § 636 (b)(1)(B) and Rule 304 of the Local Rules of Practice for the United States District Court, Eastern District of California. Within **THIRTY (30) days** after service of the Findings and Recommendation, Petitioner may file written objections with the court and serve a copy on all parties. Such a document should be captioned "Objections to Magistrate Judge's Findings and Recommendation." The assigned United States District Court Judge will then review the Magistrate Judge's ruling pursuant to 28 U.S.C. § 636(b)(1)(C). The parties are advised that failure to file objections within the specified time may waive the right to appeal the District Court's order. Wilkerson v. Wheeler, 772 F.3d 834, 839 (9th Cir. 2014) (citing Baxter v. Sullivan, 923 F.2d 1391, 1394 (9th Cir. 1991)).

IT IS SO ORDERED.

Dated: __January 5, 2023__     /s/ Erica P. Grosjean
UNITED STATES MAGISTRATE JUDGE

---

the [exhaustion] rule 'in rare cases where exceptional circumstances of peculiar urgency are shown to exist.'" (quoting Granberry v. Greer, 481 U.S. 129, 134 (1987))).