UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| DAVID SABINO QUAIR III, | No. 1:22-cv-01142-JLT-EPG (HC) |
| Petitioner, | ORDER ADOPTING FINDINGS AND RECOMMENDATIONS, DISMISSING PETITION FOR WRIT OF HABEAS CORPUS WITHOUT PREJUDICE, DIRECTING CLERK OF COURT TO CLOSE CASE, AND DECLINING TO ISSUE CERTIFICATE OF APPEALABILITY |
| v. | |
| MATT DARBY, | |
| Respondent. | |
| | (Doc. 20) |

The magistrate judge issued findings and recommendations that recommended dismissing the petition without prejudice for failure to exhaust state judicial remedies. (Doc. 20.) The Curt served the findings and recommendations on Petitioner, which contained a notice that any objections were to be filed within 30 days. (*Id.*) In lieu of filing objections, Petitioner filed a notice of appeal (Doc. 21.), which was dismissed for lack of jurisdiction. (Docs. 27, 28.) Before the Court are Petitioner's recently filed objections. (Doc. 30.)

According to 28 U.S.C. § 636(b)(1)(C), the Court has conducted a *de novo* review of the case. Having carefully reviewed the entire file, including Petitioner's objections, the Court concludes the findings and recommendations are supported by the record and proper analysis. Petitioner's objections consist of a collection of exhibits. Exhibit A is a copy of state habeas petition addressed to the California Supreme Court with a CIM Mailroom stamp date of February 10, 2023. (Doc. 30 at 2–6.) Petitioner appears to argue that his unexhausted claims are now

exhausted because after the Findings and Recommendations were issued, Petitioner submitted a state habeas petition in the California Supreme Court.

Importantly, the Ninth Circuit observed that "[t]he appropriate time to assess whether a prisoner has exhausted his state remedies is when the federal habeas petition is filed, not when it comes on for a hearing in the district court or court of appeals." *Gatlin v. Madding*, 189 F.3d 882, 889 (9th Cir. 1999) (internal quotation marks omitted) (quoting *Brown v. Maass*, 11 F.3d 914, 915 (9th Cir. 1993)). Therefore, Petitioner filing a state habeas petition in the California Supreme Court *after* the findings and recommendations issued recommendations does not change the fact that at the time the petition was filed, Petitioner had not exhausted his state judicial remedies.

Having found that Petitioner is not entitled to habeas relief, the Court now turns to whether a certificate of appealability should issue. A petitioner seeking a writ of habeas corpus has no absolute entitlement to appeal a district court's denial of his petition, and an appeal is only allowed in certain circumstances. *Miller-El v. Cockrell*, 537 U.S. 322, 335-36 (2003); 28 U.S.C. § 2253. Where, as here, the Court denies habeas relief on procedural grounds without reaching the underlying constitutional claims, the Court should issue a certificate of appealability "if jurists of reason would find it debatable whether the petition states a valid claim of the denial of a constitutional right and that jurists of reason would find it debatable whether the district court was correct in its procedural ruling." *Slack v. McDaniel*, 529 U.S. 473, 484 (2000). "Where a plain procedural bar is present and the district court is correct to invoke it to dispose of the case, a reasonable jurist could not conclude either that the district court erred in dismissing the petition or that the petitioner should be allowed to proceed further." *Id.*

The Court finds that reasonable jurists would not find the Court's determination that the petition should be dismissed debatable or wrong, or that Petitioner should be allowed to proceed further. Therefore, the Court declines to issue a certificate of appealability. Accordingly, the Court **ORDERS**:

1. The findings and recommendations issued on January 5, 2023 (Doc. 20) are **ADOPTED IN FULL**.
2. The petition for writ of habeas corpus is **DISMISSED WITHOUT PREJUDICE**.

2

3. The Clerk of Court is directed to **CLOSE THE CASE**.

4. The Court declines to issue a certificate of appealability.

IT IS SO ORDERED.

Dated:   **March 22, 2023**

_____
UNITED STATES DISTRICT JUDGE